Messenger v. Wendell, 211 Ill. App. 374.

---

**Frank A. Messenger, Defendant in Error, v. Mrs. A. B. Wendell, Plaintiff in Error.**

**Gen. No. 23,551.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

## Statement of the Case.

Action by Frank A. Messenger, plaintiff, against Edward Wendell and Mrs. A. B. Wendell, defendants, jointly, to recover for goods sold and delivered. Before the trial the action was discontinued as to Edward Wendell and the statement of claim was not thereafter amended. From a judgment for plaintiff for $1,828.54, defendant Mrs. A. B. Wendell brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ALVIN E. STEIN, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1303*—*when presumed evidence supports judgment.* In the absence of the statutory record, the presumption obtains on appeal that the evidence heard warrants the finding and supports the judgment of the trial court.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*how infirmity in statement of claim cured.* An infirmity in a statement of claim is cured by verdict.

3. CONTRACTS, § 213*—*when joint obligations are joint or several.* Under Rev. St. ch. 76, sec. 3 (J. & A. ¶ 6746), providing that all joint obligations and covenants shall be taken and held to be joint and several obligations and covenants, in actions *ex contractu*, joint obligations are joint or several.

4. PLEADING, § 466*—*when defect, imperfection or omission cured by verdict.* Where there is any defect, imperfection or omission in pleading, whether in substance or form, which would have been fatal to objection upon demurrer, yet if the issue found be such as necessarily required on the trial proof of the fact so defectively and imperfectly stated, or omitted, and without which it is not to be presumed the judge would have directed the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict.

5. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 11*—*when dismissal as to one defendant does not work discontinuance of entire action.* The rule that in a joint action *ex contractu* a dismissal as to one defendant effects a discontinuance of the entire action does not apply where the party against whom dismissal was had was not a party to the contract.

6. APPEAL AND ERROR, § 1297*—*when assumed that person dismissed out of case was not party to contract.* In the absence of evidence, it will be assumed on appeal that a defendant who was dismissed out of the case in a joint action *ex contractu* was not a party to the contract sued on, but that the obligation was the several obligation of defendant and that proof of such fact was made by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

7. PLEADING, § 466*—*what defect cured by verdict*. A defect in pleading, in substance or form, which would be fatal on demurrer is cured by verdict where the issue joined is such as necessarily requires proof of the facts so imperfectly stated or omitted.